UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-915 PA (PVCx) | Date | May 25, 2023 |
|---|---|---|---|
| Title | Rick Landers, et al. v. Ford Motor Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Ford Motor Corporation ("Ford" or "Defendant") (Docket No. 22). Ford contends that the claims asserted against it in the Third Amended Complaint ("3rd AC") filed by plaintiffs Rick Landers and Salinas Zarling ("Plaintiffs") are barred by the applicable statute of limitations. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter is appropriate for decision without oral argument. The hearing calendared for June 5, 2023, is vacated and the matter taken off calendar.

**I.   Factual and Procedural Background**

Plaintiffs, who are the co-administrators of the estate of their daughter Mikyley Rae Reitz ("Reitz" or "Decedent"), filed their original Complaint in this Court on February 7, 2023. The Court dismissed both the original Complaint and First Amended Complaint with leave to amend to provide Plaintiffs with opportunities to cure their defective allegations of subject matter jurisdiction. Ford moved to dismiss the Second Amended Complaint ("2nd AC") for lack of personal jurisdiction and under for failure to state a claim based on the statute of limitations. The Court concluded that it possessed personal jurisdiction over Ford for the claims alleged against it, and therefore denied the Motion to Dismiss for lack of personal jurisdiction, but concluded that Plaintiffs had failed to allege sufficient fact to support their invocation of the delayed discovery rule to survive Ford's arguments based on the applicable statute of limitations. The Court dismissed the 2nd AC's claims with leave to amend. Plaintiffs filed the 3rd AC and Ford again seeks dismissal based on the statute of limitations.

Decedent died on June 19, 2017, in San Luis Obispo County, after the 2001 Ford F-350 truck she was driving failed to negotiate a curve in the roadway, rotated and rolled on its roof, and crushed the cab. (3rd AC ¶¶ 141-42) Decedent suffered "blunt force trauma injuries due to the roof collapse." (Id. ¶ 143.) The 3rd AC contains a photograph of Decedent's Ford that appears to show the roof of the vehicle collapsed completely within the passenger compartment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-915 PA (PVCx) | Date | May 25, 2023 |
|---|---|---|---|
| Title | Rick Landers, et al. v. Ford Motor Company | | |

of the vehicle below the level of the hood and passenger seats. (See id. ¶ 145.) Plaintiffs' 3rd AC asserts claims for: (1) strict product liability; (2) negligence; and (3) wrongful death.

  According to the 3rd AC, the Ford F-250 and F-350 Super Duty pick-up trucks for model years 1999-2016, including the vehicle Decedent was driving at the time of her death, share a common platform that have "a roof that is instantly crushed in the event of a rollover accident, resulting in paralysis, grave injury, and death to vehicle occupants (the 'Roof-Crush Defect')." (Id. ¶ 2.) The 3rd AC alleges that the "Roof-Crush Defect" "finally gained national attention on August 19, 2022, when a jury in Georgia awarded $1.7 billion in punitive damages to the family of Melvin and Voncile Hill, who were killed when the roof of their 2002 F-250 Super Duty was crushed in a rollover accident." (Id. ¶ 13.)

  In its Motion to Dismiss, Ford contends, as it did when challenging the sufficiency of the 2nd AC, that the 3rd AC fails to allege sufficient facts to plausibly allege a basis for the application of the delayed discovery rule and that the 3rd AC's claims are therefore barred by the statute of limitations. The 3rd AC makes only modest changes to the 2nd AC's allegations related to Plaintiffs' asserted reasons to toll the running of the statute of limitations. The 3rd AC alleges:

> 146. Because Ford omitted the existence of the Roof-Crush Defect in its communications with the public, Plaintiffs had no realistic way of knowing about the unreasonable risk of paralysis, grave injury or death that could result in the event of a rollover accident in the Roof-Crush Defect Vehicles. Nor did Plaintiffs have any reason to search or look for the existence of any Roof-Crush Defect through the Internet or additional sources. Plaintiffs reasonably believed that the crushed roof was the result of the forces involved in the accident.
>
> 147. In addition, Plaintiffs lacked the sophistication and knowledge about automobiles to understand that Ms. Reitz's roof crush was the result of a concealed Roof Crush Defect. During 2017, Mr. Landers occupation was in sales and marketing in a non-automotive industry. Ms. Zarling worked on a farm in Coeur d'Alene Idaho. They are not experts or even slightly sophisticated in vehicle mechanics, did not do any mechanical work and are not vehicle hobbyists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-915 PA (PVCx) | Date | May 25, 2023 |
|---|---|---|---|
| Title | Rick Landers, et al. v. Ford Motor Company | | |

148. Further, after Ms. Reitz's accident, no other witnesses who inspected the vehicle including fire responders and insurance adjusters, suggested the roof collapsed as result of a defect. Even these individuals, who possessed more sophistication than Plaintiffs did not assume or suspect the roof collapsed because of a defect and make any suggestion of that nature to Plaintiffs.

149. In addition, Plaintiffs reasonably believed that car manufacturers such as Ford monitor fatalities that occur in their vehicles. Accordingly, Plaintiffs believed if there was a defect they would have been notified by Ford.

150. Plaintiffs were involved in the purchase of the vehicle that their daughter drove at the time of her death and were aware of Ford's statements that its 2001 Ford F-350 was "Built Ford Tough" and a "Super Duty" truck. Because of Ford's statements, Plaintiffs believed Ms. Reitz's Ford-350 was in fact safer compared to other vehicles she could be driving and that Ford built tough trucks and that the forces of the accident and not any action by Ford were the reason for the crushed roof. Plaintiffs were also aware that hundreds of thousands of such trucks had been sold and they had not heard nor had reason to suspect that the truck had a defective roof design. Rather they reasonably believed that their daughter's death was caused by the impact of the accident which a reasonable person would believe was of such force that a crushed roof was just the result of the forces involved.

151. Plaintiff became aware of the Roof-Crush defect during November of 2022 when the aforementioned Georgia verdict made national news and was widely reported. At that time, Plaintiffs became suspicious that Ms. Reitz's Ford was affected by the defect. Due to these suspicions, consulted an attorney so they could address their concerns about the defective nature of Ms. Reitz's vehicle with a professional who had sufficient expertise to evaluate the validity of these concerns. The cases involving allegations of a defect in the roof cited herein were collected by plaintiff's counsel.

152. Within the period of any applicable statutes of limitation, Plaintiffs could not have discovered through the exercise of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-915 PA (PVCx) | Date | May 25, 2023 |
|---|---|---|---|
| Title | Rick Landers, et al. v. Ford Motor Company | | |

      reasonable diligence that Ford was omitting the Roof-Crush Defect complained of herein.  Plaintiffs could not discover, and could not know of, facts that would have caused a reasonable person to suspect that Ford did not report information within its knowledge to federal and state authorities, its dealerships, or consumers and purposefully used secrecy clauses in settlements with owners of Roof-Crush Defect Vehicles; nor would a reasonable and diligent investigation have disclosed that Ford had omitted information about the unreasonable Defect of paralysis, grave injury or death of the Roof-Crush Defect Vehicles, which was discovered by Plaintiffs only shortly before this action was filed.

153.    For these reasons, all applicable statutes of limitation have been tolled by operation of the discovery rule with respect to claims as to the Roof-Crush Defect Vehicles.

(Id. ¶¶ 146-153.)

## II.    <u>Legal Standard</u>

      Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  <u>See, e.g.</u>, <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

      However, in <u>Twombly</u>, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." <u>Twombly</u>, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-915 PA (PVCx) | Date | May 25, 2023 |
|---|---|---|---|
| Title | Rick Landers, et al. v. Ford Motor Company | | |

expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III. Analysis**

In California, the statute of limitations for personal injuries is two years. See Cal. Code Civ. Proc. § 335.1. Because Decedent's accident and death occurred on June 19, 2017, the statute of limitations would have expired on June 19, 2019, and Plaintiffs' action, filed on February 7, 2023, is untimely. As Paragraphs 146 through 153 establish, Plaintiffs are relying on the application of California's "delayed discovery" rule to toll the running of the statute of limitations and resurrect their otherwise time-barred claims. "In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 809, 27 Cal. Rptr. 3d 661, 669 (2005).

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.' . . . In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the

Case 2:23-cv-00915-PA-PVC Document 28 Filed 05/25/23 Page 6 of 8 Page ID #:589

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-915 PA (PVCx) | Date | May 25, 2023 |
|---|---|---|---|
| Title | Rick Landers, et al. v. Ford Motor Company | | |

plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.'" Id. at 808, 27 Cal. Rptr. 3d at 668 (internal citations omitted); see also Schwartz v. Finn, No. 21-15841, 2022 WL 636641, at *1 (9th Cir. Mar. 4, 2022) (affirming dismissal on statute of limitations grounds where the complaint's "short statement containing] only conclusory allegations as to the time of discovery" that was also "devoid of details regarding [plaintiffs'] 'inability to have made earlier discovery despite reasonable diligence" "failed to plausibly plead delayed discovery") (quoting Chubb Custom Ins. Co. v. Space Systems/Loral, Inc., 710 F.3d 947, 975 (9th Cir. 2013)); California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1407 (9th Cir. 1995) ("California law makes clear that a plaintiff must allege specific facts establishing the applicability of the discovery-rule exception. Yet there is no requirement that a plaintiff specifically allege when the cause of action accrued—that is the defendant's responsibility if it wishes to raise a limitations defense.").

In analyzing statute of limitations issues and the applicability of the delayed discovery rule, the California Supreme Court has concluded that "it is the discovery of facts, not their legal significance, that starts the statute." Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1113, 245 Cal. Rptr. 658, 663 (1988); see also Gutierrez v. Mofid, 39 Cal. 3d 892, 897-98, 218 Cal. Rptr. 313, 316 (1985) ("[T]he uniform California rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim. . . . . It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action." (citations omitted)); Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1146, 271 Cal. Rptr. 246, 251 (1990) ("[I]gnorance of legal theories does not toll the statute of limitations.").

Here, Decedent died while driving her Ford F-350 pickup truck, which suffered a catastrophic roof collapse, as the photo of the damaged vehicle establishes. Those facts, occurring in June 2017, and not the Plaintiffs' learning, in November 2022, of a $1.7 billion verdict issued in August 2022, that were sufficient to start the statute of limitations in June 2017. Indeed, waiting until after they had become aware of news reports of a verdict in a similar case indicates that Plaintiffs did nothing following Decedent's death to investigate a possible claim, but as the California Supreme Court has explained:

> A plaintiff need not be aware of the specific "facts" necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-915 PA (PVCx) | Date | May 25, 2023 |
|---|---|---|---|
| Title | Rick Landers, et al. v. Ford Motor Company | | |

Jolly, 44 Cal. 3d at 1111, 245 Cal. Rptr. at 928.

      Even if that were not true, Plaintiffs have not adequately alleged their "inability to have made earlier discovery despite reasonable diligence." Fox, 35 Cal. 4th at 808, 27 Cal. Rptr. 3d at 668. In seeking to meet this burden, Plaintiffs allege:

> Within the period of any applicable statutes of limitation, Plaintiffs could not have discovered through the exercise of reasonable diligence that Ford was omitting the Roof-Crush Defect complained of herein. Plaintiffs could not discover, and could not know of, facts that would have caused a reasonable person to suspect that Ford did not report information within its knowledge to federal and state authorities, its dealerships, or consumers and purposefully used secrecy clauses in settlements with owners of Roof-Crush Defect Vehicles; nor would a reasonable and diligent investigation have disclosed that Ford had omitted information about the unreasonable Defect of paralysis, grave injury or death of the Roof-Crush Defect Vehicles, which was discovered by Plaintiffs only shortly before this action was filed.

(3rd AC at ¶ 152.) However, in focusing narrowly on Ford's alleged failure to warn about or otherwise disclose information related to the alleged defective design of the F-350's roof, and its susceptibility to catastrophic failure in rollover crashes, the 3rd AC alleges the same failure to warn theory that the Court found insufficient when it dismissed the 2nd AC. The 3rd AC, like the 2nd AC, is silent on other possible information that Plaintiffs could have discovered through reasonable diligence. It is that information that would support the design defect and negligence claims asserted in this action. While the additional information about Ford's alleged concealment might be relevant to issues related to the availability and magnitude of punitive damages, that concealment is not necessarily critical for purposes of establishing liability.

      Nor does that alleged concealment plausibly foreclose the availability of other information Plaintiffs might have become aware of had they conducted the required diligent investigation in the two years after Decedent's death, or, at a minimum, in a two-year period prior to their filing of this action on February 7, 2023. For instance, the 3rd AC cites extensively from other lawsuits against Ford alleging design defect claims filed even before Decedent's death. While a reasonable investigation may not have lead Plaintiffs to the filings in those cases, even a simple internet search may have provided Plaintiffs with information about those cases, attorneys pursuing similar claims against Ford and soliciting clients for such claims, news

Case 2:23-cv-00915-PA-PVC   Document 28   Filed 05/25/23   Page 8 of 8   Page ID #:591

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-915 PA (PVCx) | Date | May 25, 2023 |
|---|---|---|---|
| Title | Rick Landers, et al. v. Ford Motor Company | | |

reports about other similar rollover accidents, and other information related to the alleged defects with the design of the Ford F-350's roof structure and passenger compartment.[1]

Put another way, even if Ford was hiding some facts, if enough facts were available to a reasonable and diligent party to create a suspicion of wrongdoing, the delayed discovery rule would not operate to toll the statute of limitations. See Jolly, 44 Cal. 3d at 1111, 245 Cal. Rptr. at 928. At a minimum, and even if the catastrophic nature of the failure of the roof of Decedent's F-350 was not sufficient on its own to commence the running of the statute of limitations, the 3rd AC does not plausibly allege that Plaintiffs would not have been able to learn sufficient facts to commence the running of the statute of limitations sooner than they did if they had conducted the diligent investigation necessary to benefit from the delayed discovery rule. This is the same flaw the Court identified when it dismissed the 2nd AC with leave to amend.

The Court therefore concludes that the 3rd AC does not plausibly allege sufficient facts to allow Plaintiffs to benefit from the delayed discovery rule. As a result, Plaintiffs' claims are barred by the applicable statute of limitations. The 3rd AC's failure to even attempt to plead that a reasonable and diligent search within two years of Decedent's death would not have provided sufficient facts to create a suspicion of wrongdoing, despite the Court dismissing the 2nd AC for that reason, indicates that Plaintiffs cannot in good faith make such allegations. Nor does Plaintiffs' Opposition seek leave to amend to allege such facts. The Court therefore concludes that further leave to amend would be futile and dismisses the 3rd AC without leave to amend.

## Conclusion

For all of the foregoing reasons, the Court concludes that Plaintiffs' claims are barred by the applicable statute of limitations. Because Plaintiffs have been provided with an opportunity to cure their deficient allegations, and have been unable to do so, the Court concludes that further leave to amend would be futile. The Court therefore dismisses the 3rd AC without leave to amend. The Court will issue a Judgment dismissing this action with prejudice.

IT IS SO ORDERED.

---

[1] Ford has filed a Request for Judicial Notice (Docket No. 23) in which it seeks to have the Court take judicial notice of some of the filings in the cases and articles cited in the 3rd AC, and a Google search performed by Ford's counsel on April 28, 2023 with keywords "roof crush" and "truck" confined to results between June 19, 2017, and June 19, 2019. Plaintiffs have filed an objection to the Request for Judicial Notice. Because the Court cannot take judicial notice of the facts contained in the items for which Ford seeks judicial notice, and the search performed by Ford's counsel includes facts beyond the scope of 3rd AC's well-pleaded allegations, the Court denies the Request for Judicial Notice.